# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SCOTT W. GRAMMER, | ) |
| *Plaintiff*, | ) Case No. 1:11-cv-353 |
| v. | ) Judge Travis R. McDonough |
| GRADY PERRY, Warden, | ) Magistrate Judge Susan K. Lee |
| *Respondent*. | ) |

## MEMORANDUM OPINION

For a second time, the United States Court of Appeals for the Sixth Circuit has remanded Petitioner Scott W. Grammer's habeas corpus petition brought under Title 28, United States Code, Section 2254. (Doc. 1.) The Sixth Circuit has held that this Court erred by deferring to the Tennessee Court of Criminal Appeals ("TCCA") under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and it directed this Court to conduct a de novo review of Petitioner's claim that his appellate counsel was ineffective for failing to appeal the sufficiency of the evidence supporting his conviction for a count of aggravated sexual battery. (Doc. 48.) Absent AEDPA deference, the Court finds that Petitioner's appellate counsel omitted an exceptionally strong argument in his state court appeal and that Petitioner would have prevailed on that appeal had counsel raised the issue. Accordingly, this petition for habeas corpus (Doc. 1) will be **GRANTED**. Petitioner's pending motion to expedite (Doc. 53) and motion for instructions and for resending of any unanswered orders or pleadings (Doc. 55) will be **DENIED AS MOOT**.

## I. PROCEDURAL BACKGROUND

### A. State-Court Proceedings

In 2005, a Tennessee state-court jury convicted Petitioner of three counts of aggravated sexual battery in violation of Tennessee Code Annotated § 39-13-504, against his stepdaughter. (Doc. 6-6, at 151.) Petitioner was sentenced to a term of imprisonment of eleven years for each conviction, with Counts One and Two to be served concurrently and the term on Count Three to be served consecutively, for a total term of twenty-two years. (Doc. 6-7, at 36–37.) Petitioner has, therefore, completed his sentences for Counts One and Two and is now serving the consecutive term on Count Three.

> In its election of offenses, the State provided, as to Count Three:
>
> Aggravated Sexual Battery occurred during the summer months of 2000 (approximately June or July 2000) on a weekend day when [Petitioner] came into the child's room to help her with a computer problem she was experiencing with her computer game "Petz." While down loading [sic] some information onto the child's computer, [Petitioner] kissed this child with his tongue or "french kissed" the child and fondled her breasts and vaginal area while her mother was taking a nap in the other bedroom of the apartment.

(Doc. 6-1, at 55.)

At trial, the only evidence presented in support of Count Three was the testimony of the child victim, "A.G." When asked if any of the abuse had taken place in her room, A.G. testified:

> Yes, I remember one time, it was also summer, daylight outside, my mom was taking a nap. And I had a video game called Pet[z], and it was like a virtual dog game, and I couldn't get it to work. So I'd asked him, since he was a computer tech and really good with computers, to come and fix it for me.
>
> So he came in and it turned out we had to download a piece of software to fix it and he started downloading it, and while it was downloading, he pulled me a little closer and he started to kiss me and French kiss me and touch me, have me take off my clothes.
>
> Q   On this particular occasion, did he insert his finger into your vagina?

> A   Not on this occasion, no.
>
> Q   On this occasion, did he perform oral sex on you?
>
> A   Not on this occasion, no.
>
> Q   On this occasion, did you masturbate him?
>
> A   No.

(Doc. 6-4, at 45.)

On direct appeal to the TCCA, Petitioner's appellate counsel raised seven issues but did not challenge the sufficiency of the evidence supporting Petitioner's conviction for aggravated sexual battery on Count Three. (Doc. 6-13, at 9.) However, in response to the argument that the jury's verdict was a compromise verdict that was not unanimous, the State of Tennessee did argue that the evidence was sufficient to support each of Petitioner's three convictions. (Doc. 6-14, at 48–53.) Referring to Count Three, the State recounted the victim's testimony as follows in its brief:

> Finally, the victim testified that on another occasion in the summer, while the victim's mother was taking a nap, the victim was trying to get a video game to work. She asked the Defendant to fix her game, which he did. While he was in her room, he pulled the victim close, gave her a "French kiss," started touching her private areas, and had remove [sic] her clothes. (IV. 194–95). This evidence supports the third conviction for aggravated sexual battery.

(Doc. 6-14, at 52.) Petitioner's appellate counsel did not object to the State's inaccurate paraphrase of the victim's testimony, consistent with their failure to raise the issue of the sufficiency of the evidence as to Count Three. (*See* Doc. 6-10, at 10–11.)

In considering Petitioner's claim that the jury's verdict was a "compromise verdict that was not unanimous," (Doc. 6-15, at 17), the TCCA found there was sufficient evidence as to Count Three, adopting the State's misstatements almost verbatim:

3

> Finally, the victim testified that on another occasion in the summer, while the victim's mother was taking a nap, the victim was trying to get a video game to work and asked the Defendant to help her fix the game. She testified that while the Defendant was in her room, he pulled the victim close, gave her a "French kiss," started touching her private areas, and had her remove her clothes. This evidence supports the third conviction for aggravated sexual battery.

(*Id.* at 18.) Petitioner's conviction on Count Three was upheld. (*Id.*)

The Tennessee Supreme Court denied Petitioner's application for permission to appeal. *Id.* The trial court denied Petitioner's petition for post-conviction relief, and he appealed to the TCCA, raising multiple issues, including a claim that "there was insufficient evidence to even constitute aggravated sexual battery [on Count Three], the state specifically lied to the jury in argument about the testimony, [and] trial counsel failed to object to the state's misrepresentation as to the evidence and failed to raise the same on appeal . . . ." (Doc. 6-20, at 9.) In affirming the denial of post-conviction relief, the TCCA found that Petitioner was not prejudiced by any statements by the prosecutor at trial and that any issue as to the sufficiency of the evidence "is waived because it was previously determined by this court on direct appeal" and because post-conviction proceedings may not be used to review the sufficiency of the evidence at the original trial. (Doc. 6-22, at 23.)

### B. Federal Habeas Corpus Proceedings

On November 21, 2011, Petitioner filed the instant federal habeas petition, raising three grounds for relief: (1) the trial court erred in denying him access to the victim's medical records; (2) his right to a speedy trial was violated; and (3) his counsel was ineffective, *inter alia*, for failure to challenge the sufficiency of the evidence on Count Three, either through an objection to the prosecutor's misstatement of the evidence or via a sufficiency-of-the-evidence claim on appeal. (Doc. 1, at 5–8.) The government did not respond on the merits against the claim that

4

Petitioner's counsel was ineffective for failure to challenge the sufficiency of the evidence on Count Three; instead, the government argued that Petitioner had not exhausted his state remedies as to this claim. (Doc. 5, at 2.)

On May 3, 2013, this Court denied the petition, rejecting on the merits Petitioner's first two claims and most of his sub-claims of ineffective assistance, and finding that he procedurally defaulted his claim of ineffective assistance of counsel for failure to challenge the sufficiency of the evidence on Count Three. (Doc. 16, at 8–10.) On June 10, 2014, the Sixth Circuit granted a certificate of appealability solely on Petitioner's claim regarding his counsel's alleged failure to challenge the sufficiency of the evidence supporting Count Three and vacated this Court's order "insofar as it dismisses, without considering the merits, this claim which has been fairly presented to Tennessee's highest state court." (Doc. 27, at 4.)

On April 28, 2016, this Court, on remand, considered and denied on the merits Petitioner's claim that his appellate counsel was ineffective for failing to argue that the evidence was insufficient to support Petitioner's conviction on Count Three. (Doc. 45, at 11–12.) The Court found that Petitioner failed to show that he was prejudiced by counsel's failure to raise the issue because the evidence presented at trial was sufficient to support the third count of aggravated battery. (*Id.*) The Court conducted an independent review of Petitioner's sufficiency claim under *Jackson v. Virginia*, 443 U.S. 307 (1979),[1] and concluded that a rational juror could infer from the victim's testimony that Petitioner had touched her in a manner that supported the

---

[1] In *Jackson*, the Supreme Court held that evidence is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. at 319. Resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences from the facts are all matters which lie within the province of the trier of fact. *Id.*

5

conviction on Count Three. (*Id.* at 11.) Accordingly, this Court applied AEDPA deference to the TCCA's decision on direct appeal that the evidence was sufficient. (*Id.* at 9–11.) The Court found that the TCCA's determination did not contravene clearly-established federal law and was not an unreasonable determination of the facts in light of the evidence presented.[2] (*Id.*)

On June 9, 2017, the Sixth Circuit granted Petitioner a certificate of appealability and reversed this Court's judgment on Petitioner's claim that his counsel was ineffective for failing to appeal the sufficiency of the evidence on Count Three.[3] (Doc. 48, at 6.) The Sixth Circuit found that the evidence at trial "does not support" the TCCA's factual finding that Petitioner "started touching [the victim's] private areas," and, therefore, the TCCA's adjudication of Petitioner's insufficiency claim as to Count Three "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(2) (*Id.* at 5–6.) Because the TCCA's denial of Petitioner's claim was not entitled to deference, the Sixth Circuit remanded the matter to this Court for a de

---

[2] A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA, which amended § 2254, sets forth "an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007). However, when a state's adjudication of a claim on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[,]" the adjudication of that claim is not entitled to AEDPA deference, and such a claim is to be reviewed de novo. 28 U.S.C. § 2254(d); *see, e.g.*, *Williams v. Taylor*, 529 U.S. 362, 396–98 (2000); *Dyer v. Bowlan*, 465 F.3d 280, 284 (6th Cir. 2006).

[3] The Sixth Circuit affirmed this Court's determination that Petitioner could not demonstrate prejudice resulting from trial counsel's alleged ineffective assistance by failing to object to the prosecutor's inaccurate reference to A.G.'s testimony, because the trial court issued a limiting instruction to the jury. (Doc. 48, at 5–6.)

novo review of Petitioner's ineffective-assistance-of-appellate-counsel claim for failure to challenge the sufficiency of the evidence on Count Three. (*Id.* at 6.)

## II. DUTY ON REMAND

Under the mandate rule, the Court is bound by the scope of the remand issued by the Sixth Circuit. *Black v. Carpenter*, 866 F.3d 734, 741 (6th Cir. 2017). "The scope of a remand is determined by examining the entire order or opinion, to determine whether and how the court of appeals intended to limit a remand." *Carter v. Mitchell*, 829 F.3d 455, 463 (6th Cir. 2016) (internal quotation marks omitted) (quoting *Scott v. Churchill*, 377 F.3d 565, 570 (6th Cir. 2004)); *see also In re Purdy*, 870 F.3d 436, 444 (6th Cir. 2017). "The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013) (internal quotation marks omitted) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). Here, the Court must conduct a de novo review of Petitioner's claim of ineffective assistance of appellate counsel for failing to challenge on direct appeal the sufficiency of the evidence on Count Three. (Doc. 48, at 6.)

## III. STANDARD OF REVIEW

The failure of counsel to raise a meritorious issue can amount to constitutionally ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). The right to effective assistance of counsel includes appellate counsel as well as trial counsel, *Whiting v. Burt*, 395 F.3d 602, 616 (6th Cir. 2005), and the performance of appellate counsel is properly reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Webb v. Mitchell*, 586 F.3d 383, 398 (6th Cir. 2009). "To evaluate a claim of ineffective assistance of appellate counsel, the Court first must assess the strength of the claim that counsel

7

failed to raise." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). Second, the Court must assess whether a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*; *see also Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017) (noting that, to succeed on a claim that appellate counsel performed ineffectively, Petitioner "must demonstrate a reasonable probability that, but for his counsel's unreasonable failure to raise [an] issue on appeal, he would have prevailed" (quotation marks omitted).). "The touchstone of an ineffective-assistance claim is the fairness of the adversary proceeding." *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993).

## IV. ANALYSIS

Petitioner contends that appellate counsel was ineffective for failing to argue that A.G.'s testimony—the only testimony and evidence offered at trial to support Count Three—was insufficient to support his conviction for aggravated sexual battery because that testimony did not specify that Petitioner had unlawful sexual contact with the victim on that occasion. (Doc. 1, at 80–81.)

The Due Process Clause of the Fourteenth Amendment protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The relevant question on an insufficiency-of-the-evidence challenge is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 324.

Tennessee Code Annotated § 39-13-504(a), the statute under which Petitioner was convicted of Count Three, defines aggravated sexual battery as "unlawful sexual contact with a

victim by the defendant or the defendant by the victim" when the victim is less than thirteen years of age. The statute defines "sexual contact" as:

> . . . the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

Tenn. Code Ann. § 39-13-501(6). "Intimate parts" includes, *inter alia*, the primary genital area, groin, inner thigh, buttock or breast of a human being." Tenn. Code Ann. § 39-13-501(2).

In light of the evidence presented on Count Three—consisting solely of A.G.'s testimony that Petitioner "pulled [her] a little closer and he started to kiss [her] and French kiss [her] and touch [her], have [her] take off [her] clothes"—without specifying *where* he touched her, the evidence was insufficient to support Petitioner's conviction for aggravated sexual battery under Tennessee law. As the Sixth Circuit emphasized, (Doc. 48, at 6–7), the TCCA has strictly enforced the requirement that the prosecution prove the "intimate parts" element of the offense. *See State v. Parker*, No. E2004-02374-CCA-R3-CD, 2006 WL 36910, at *4 (Tenn. Crim. App. Jan 6, 2006). The TCCA's finding that the evidence was sufficient as to Count Three was, therefore, "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, Petitioner is correct that appellate counsel's failure to raise an insufficiency-of-the-evidence claim on Count Three fell below an objective standard of reasonableness.

Petitioner has also demonstrated a reasonable probability that the result of his direct appeal before the TCCA would have been different had his appellate counsel raised a sufficiency claim with respect to Count Three. Although Petitioner does not raise this explicitly in his petition, appellate counsel also failed to object to the State's inaccurate paraphrase of the

victim's testimony.  (*See* Doc. 6-10, at 10–11.)  Within the context of appellate counsel's failure to raise the sufficiency claim, the State's misstatement of the victim's testimony, coupled with appellate counsel's failure to object to it, prejudiced Petitioner.  The absence of a challenge to the sufficiency of the evidence invited the TCCA to substitute the State's unsupported recitation of the facts in place of A.G.'s more circumscribed testimony.  In its opinion affirming Petitioner's conviction, the TCCA adopted the State's inaccurate version of the victim's testimony almost verbatim.  (*Compare* 6-14, at 52, *with* 6-15, at 18.)  In light of the TCCA's strict enforcement of the requirement that the prosecution prove the "intimate parts" element of the offense of aggravated sexual battery, *see State v. Parker*, 2006 WL 36910, at *4, there is more than a "reasonable probability" that Petitioner's conviction on Count Three would have been overturned had his counsel raised this issue on appeal.  *Strickland*, 466 U.S. at 2055.

Petitioner has demonstrated prejudice despite TCCA's determination that there was sufficient evidence to support Count Three.  Generally, prejudice cannot be shown by counsel's failure to raise an issue when a court considers and rules on it *sua sponte*.  *See, e.g.*, *Cowans v. Bagley*, 639 F.3d 241, 253 (6th Cir. 2011) (appellate counsel's failure to raise issue challenging death sentence did not prejudice petitioner because Ohio Supreme Court independently addressed and rejected the claim).  However, the TCCA did not actually consider and rule on the specific issue that the evidence on Count Three was insufficient, because it considered the State's misstatement of the evidence, not the evidence itself.  (Doc. 6-4, at 45.)  Additionally, the TCCA's determination was unreasonable in light of the lack of evidence that Petitioner touched the victim's "intimate parts" on the relevant occasion and therefore is not entitled to deference under AEDPA.  *See* 28 U.S.C. § 2254(d)(2); (Doc. 48, at 5–6).  The failure of Petitioner's

appellate counsel to raise this issue amounted to constitutionally ineffective assistance of counsel. Accordingly, Petitioner is entitled to relief.

V.  **CONCLUSION**

For the reasons set forth herein, the Court finds that Petitioner's claim that he was denied the effective assistance of appellate counsel entitles Petitioner to relief from his conviction for Count Three. "[A] remedy for a Sixth Amendment violation should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Magana* v. *Hofbauer,* 263 F.3d 542, 553 (6th Cir. 2001) (internal quotation marks and citations omitted). "[T]he remedy for a Sixth Amendment violation should neutralize the constitutional deprivation suffered by the defendant . . . ." *Id.* (noting that a new trial was an inappropriate remedy for a defendant who had constitutionally deficient counsel during the plea negotiation process). Because the evidence was insufficient to convict Petitioner of aggravated sexual battery on Count Three, a new trial would not cure the error. Accordingly, the petition for writ of habeas corpus (Doc. 1) is **GRANTED** with respect to the conviction on Count Three. That conviction is **VACATED**. Petitioner's motion to expedite (Doc. 53) and motion for instructions and for resending of any unanswered orders or pleadings (Doc. 55) are **DENIED AS MOOT.**

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**